UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INNOCENT WANGWAMBA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FT. DIX.,<br><br>Respondent. | Civil Action No. 23-281 (KMW)<br><br>MEMORANDUM ORDER |

This matter comes before the Court on Petitioner Innocent Wangwamba's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Following an order to answer, the Government filed a response to the petition (ECF No. 6). By way of background, at the time he filed his petition, Petitioner was a federal prisoner confined at FCI Fort Dix. (*See* ECF No. 1.) Through his petition, Petitioner sought to be declared eligible to accrue good time credits pursuant to the First Step Act and to ultimately receive those credits and be released from prison as a result. (*Id.*)

In its response to Petitioner's habeas petition, the Government informs the Court that, following a BOP rule change, Petitioner was made eligible to receive FSA credits and was awarded 315 days of FSA credit. (*See* ECF No. 6 at 2; ECF No. 6-1 at 6.) As a result of those credits, Petitioner was released from prison and into immigration custody on February 24, 2023. (ECF No. 6-1 at 5-6; ECF No. 6 at 2.) Petitioner's prison records, submitted with the Government's response, indicate that Petitioner did indeed receive the FSA credits he sought and was released from federal criminal custody and into the custody of immigration officials on February 24. (ECF No. 6-1 at 5-6.) The Government therefore requests that this matter be dismissed as moot as

1

Petitioner received the benefit he sought and no longer has a live interest in this matter. (ECF No. 6 at 1-3.)

Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, once a prisoner is released from custody, a habeas challenge to some aspect of his confinement will become moot absent a redressable, continuing, and concrete injury which persists after his release. *Id.*; *see also Burkey v. Marberry*, 556 F.3d 142, 146-50 (3d Cir. 2009). As the BOP changed its policy to permit those such as Petitioner to accrue credits, as Petitioner has been released from BOP custody following an award of the credits he sought, and as Petitioner may no longer receive or accrue any additional First Step Act credits in light of his release from prison, Petitioner has received the ultimate relief he sought in this matter and this Court no longer has a meaningful opportunity to provide Petitioner with relief. As Petitioner therefore no longer has a continuing concrete injury, this matter must therefore be dismissed as moot. *Spencer*, 523 U.S. at 7; *Burkey*, 556 F.3d at 146-50. Petitioner's outstanding motions requesting summary judgment (ECF No. 3) and the appointment of counsel (ECF No. 4) are likewise dismissed as moot in light of the dismissal of this habeas matter.

**IT IS THEREFORE** on this 25th day of September, 2023,

**ORDERED** that Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** as moot; and it is further

**ORDERED** that Petitioner's outstanding motions seeking summary judgment (ECF No. 3) and appointed counsel (ECF No. 4) are **DISMISSED WITHOUT PREJUDICE** as moot in light of the dismissal of this matter; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon the Government electronically and upon Petitioner by regular mail at his last known address, and shall **CLOSE** the file.

Hon. Karen M. Williams,
United States District Judge